

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Michelle V. Larson*

**Signed September 11, 2024**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EYE CARE LEADERS PORTFOLIO HOLDINGS, LLC, *et al.*,[1] | § | Case No. 24-80001 (MVL) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER (I) APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS AND (II) CONFIRMING DEBTORS' [CORRECTED] FIRST AMENDED JOINT CHAPTER 11 PLAN

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification number are as follows: ECL PH Services Group LLC (6746); Eye Care Leaders Portfolio Holdings, LLC (0576); Alta Billing Holdings, LLC (4944); Alta Billing, LLC (4823); Canta Health, LLC (7791); DJRTC, LLC (N/A); ECL Group, LLC (9195); ECL Holdings, LLC (8888); Eye Care Leaders Holdings, LLC (1701); iMedicWare, Inc. (6251); IMW EMR, LLC (6421); IMW Holdings, LLC (3980); Insight Software, LLC (8321); Integrity EMR Holdings, LLC (3877); Integrity EMR, LLC (3716); IO Practiceware, Inc. (4507); IOPW Holdings, LLC (0461); IOPW, LLC (N/A); Keymed Holdings, LLC (0301); Keymed, LLC (9379); MD Office, LLC (9075); MDO Group Holdings, LLC (0435); MDX, LLC (5074); Medflow Holdings, LLC (7716); Medflow, Inc. (N/A); MNI Holdings, LLC (7633); MRX Holdings, LLC (N/A); My Vision Express, Inc. (N/A); Penn Medical Informatics Systems, LLC (4584); PI Software Holdings, LLC (N/A); PI Software, LLC (N/A); PMX, LLC (N/A); Revenue Health Solutions, LLC (7025); RHS Holdings, LLC (N/A); and The Hoehne Group – Software Division, Inc. (7788). The Debtors' principal offices are located at 555 S. Mangum Street, Suite 100, Durham, NC 27701.

Upon the *[Corrected] Debtors' First Amended Joint Chapter 11 Plan* [Docket No. 608] as it may be amended or supplemented from time to time (the "Plan") and the *Amended Disclosure Statement Regarding Debtors' Joint Chapter 11 Plan* [Docket No. 540] (the "Disclosure Statement");[2] and the Plan and Disclosure Statement having been distributed or made available to holders of Claims and other parties in interest as provided in the Solicitation Order;[3] and upon the supplement to the Plan and related exhibits filed by the Debtors on August 12, 2024 [Docket No. 593], as amended on September 6, 2024 [Docket No. 660] (collectively, the "Plan Supplement"); and good and sufficient notice of the Plan, the Disclosure Statement, the Plan Supplement and the Confirmation Hearing having been provided to holders of Claims in accordance with title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") and the orders of this Court, as established by the certificates of service filed with the Court (the "Certificates of Service"),[4] and such notice being sufficient under the circumstances and no other or further notice being required; and after due consideration of (i) the Declaration of Mark Shapiro, the Debtors' Authorized Signatory and Responsible Person, in support of confirmation [Docket No. 661] (the "Shapiro Declaration") and further testimony adduced at the Confirmation Hearing and (ii) the *Tabulation of Votes in Connection with Debtors' Joint Chapter 11 Plan* [Docket No. 659] (the "Ballot Tabulation"); and upon the objection to

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[3] *See Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling a Combined Hearing to Consider Final Approval of the Disclosure Statement and Confirmation of the Debtors' Plan, (III) Approving the Solicitation Procedures and Dates, Deadlines, and Notices Related Thereto, and (IV) Granting Related Relief* [Docket No. 583] (the "Solicitation Order").

[4] *See* Docket Nos. 592 (Certificate of Service for Confirmation Hearing Notice), 586 (Certificate of Service for mailing of Solicitation Packages), 595 (Certificate of Service for mailing of Plan Supplement), and 665 (Certificate of Service for mailing of Plan Supplement and Ballot Tabulation).

4855-9994-5439

confirmation of the Plan filed by the Texas Comptroller of Public Accounts [Docket No. 623] (the

"Objection"); and upon the entire record of these Chapter 11 Cases, the record made at the

Confirmation Hearing and the arguments of counsel and the evidence adduced thereat; and the

Court having determined, based upon all of the foregoing, that the Plan should be confirmed and

the Disclosure Statement should be approved on a final basis; and after due deliberation and good

cause appearing therefor, the Court hereby

**FINDS, DETERMINES, AND CONCLUDES AS FOLLOWS:**

A.      Findings and Conclusions.  The findings and conclusions set forth herein and on

the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of

law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy

Rule 9014.  To the extent any of the Court's findings of fact constitute conclusions of law, they

are adopted as such.  To the extent any of the Court's conclusions of law constitute findings of

fact, they are adopted as such.

**JURISDICTION AND VENUE**

B.      Jurisdiction, Venue, Core Proceeding.  This Court has jurisdiction over the Debtors'

Chapter 11 Cases pursuant to 28 U.S.C. § 1334.   Consideration of whether the Disclosure

Statement and the Plan comply with the applicable provisions of the Bankruptcy Code constitutes

a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L) and (O).  This Court may enter a

final order consistent with Article III of the United States Constitution.  Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**CHAPTER 11 CASES**

C.      Commencement of the Chapter 11 Cases.  On January 16, 2024 (the "Petition

Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

In accordance with the Court's *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 24], these Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015. Since the Petition Date, the Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 9, 2024, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). *See* Docket No. 93, as amended at Docket Nos. 95 & 537.

D.  Judicial Notice. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court and pleadings reflected therein including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

## SOLICITATION AND NOTICE

E.  Solicitation and Notice. The Plan, the Disclosure Statement, Plan Supplement, and the other materials distributed by the Debtors in connection with solicitation of the Plan, as they may have been amended or supplemented from time to time, were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, with the Local Rules, and with the procedures set forth in the Solicitation Order. As described in the Shapiro Declaration and the Certificates of Service (a) the service of the Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11 Cases and (b) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Solicitation Order was timely provided in compliance with the Bankruptcy Rules and the Solicitation Order.

4855-9994-5439

F.      <u>Voting</u>.  Votes on the Plan were solicited after disclosure to holders of Claims of "adequate information" as defined in section 1125 of the Bankruptcy Code.  As evidenced by the Shapiro Declaration and the Ballot Tabulation, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

G.      <u>Plan Modifications</u>.  Modifications to the Plan, as well as other settlements and resolutions announced on the record at the Confirmation Hearing, all of which are reflected herein (collectively, the "<u>Plan Modifications</u>"), do not materially or adversely affect or change the treatment of any Claim and are hereby approved.

**THE DISCLOSURE STATEMENT CONTAINS
<u>ADEQUATE INFORMATION</u>**

H.      <u>Adequate Information</u>. The Disclosure Statement contains adequate information within the meaning of 11 U.S.C. § 1125(a).

**COMPLIANCE WITH THE REQUIREMENTS OF
<u>SECTION 1129 OF THE BANKRUPTCY CODE</u>**

I.      <u>Burden of Proof.</u>  The Debtors have met their burden of proving the elements of sections 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.

J.      <u>Bankruptcy Rule 3016</u>.  The Plan is dated and identifies the Debtors as the Plan proponents, thereby satisfying Bankruptcy Rule 3016(a).  The Debtors appropriately filed the Disclosure Statement and the Plan with the Court, thereby satisfying Bankruptcy Rule 3016(b). The injunction, release, and exculpation provisions in the Disclosure Statement and the Plan describe, with specific and conspicuous language, all acts to be enjoined, released, and exculpated and identify the entities that will be subject to the injunction, releases, and exculpations, thereby satisfying Bankruptcy Rule 3016(c).

4855-9994-5439

K.     Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(i)     Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  As required by section 1123(a)(1) of the Bankruptcy Code, in addition to the DIP Facility Claim,[5] Administrative Claims (including Professional Fee Claims) and Priority Tax Claims, which are addressed by Article II of the Plan and need not be classified, Article III of the Plan designates six (6) Classes of Claims against, and Equity Interests in, the Debtors.  As required by section 1122(a) of the Bankruptcy Code, the Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests under the Plan.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)     Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Articles III and V.A. of the Plan specify that Classes 1 and 3 are unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii)     Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Article III and V.A. of the Plan specify that Classes 2, 4, 5, and 6 are impaired, and Article IV of the Plan sets forth the treatment of such impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv)     No Discrimination (11 U.S.C. § 1123(a)(4)).  Article IV of the Plan provides the same treatment for each Claim or Equity Interest in each respective Class unless the holder of

---

[5] As set forth in the Shapiro Declaration and on the record at the Confirmation Hearing, the Sale has closed and, therefore, the DIP Facility Claim has been satisfied in full.

a particular Claim or Equity Interest has agreed to a less favorable treatment in respect of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)      Implementation of the Plan (11 U.S.C. § 1123(a)(5)).  The Plan and the various documents included in the Plan Supplement provide for adequate and proper means for the Plan's implementation including, without limitation, (a) sources of consideration for Plan distribution, (b) the cancellation of Equity Interests, (c) authorizing the transfer of certain of the Debtors' Assets to the Creditor Trust, (d) the reservation, and transfer to the Creditor Trust, of the Retained Causes of Action, and (e) the execution, delivery, filing, or recording of all contracts, securities, instruments, releases, and other agreements or documents related to the foregoing, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(vi)     Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).  Because the Debtors are liquidating, the prohibition on the issuance of nonvoting equity securities contained in section 1123(a)(6) of the Bankruptcy Code is not applicable.

(vii)    Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)).  Article VI of the Plan provides for the establishment of the Creditor Trust and the appointment of the Creditor Trustee.  These provisions are consistent with the interests of holders of Claims and public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

L.     Additional Plan Provisions (11 U.S.C. § 1123(b)).  The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

(i)      Impairment/Unimpairment of Any Class of Claims or Interests (§ 1123(b)(1)).  Pursuant to the Plan, Classes 1 and 3 are unimpaired and Classes 2, 4, 5, and 6 are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

(ii)      <u>Assumption and Rejection of Executory Contracts (11 U.S.C.
§ 1123(b)(2))</u>.    Article IX of the Plan provides for the rejection of the Debtors' remaining executory contracts and unexpired leases (if any), effective as of the Effective Date, except for any executory contract or unexpired lease that (a) was previously assumed, assumed and assigned or rejected pursuant to an Order of the Bankruptcy Court entered on or before the Confirmation Date, (b) previously expired or terminated by its own terms or (c) is the subject of a motion to assume, assume and assign or reject filed on or prior to the Confirmation Date.

(iii)     <u>Settlement of Claims and Causes of Action (11 U.S.C. § 1123(b)(3))</u>.    In consideration for the distributions and other benefits provided under the Plan and with the support of the various creditors, stakeholders, and other parties in interest, the provisions of the Plan constitute a good-faith compromise of all Claims, Equity Interests, Causes of Action, as applicable, and controversies released, settled, compromised, or otherwise resolved pursuant to the Plan. Those settlements and compromises are fair, equitable, and reasonable and approved as being in the best interests of the Debtors and their Estates.

(iv)     <u>Modification of the Rights of Holders of Claims (11 U.S.C. § 1123(b)(5))</u>.
Article IV of the Plan modifies or leaves unaffected, as the case may be, the right of holders of each class of Claims and Equity Interests.

(v)      <u>Other Appropriate Provisions (11 U.S.C. § 1123(b)(6))</u>.    The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code including, without limitation, provisions for (a) distributions to holders of Claims, (b) releases by Debtors of certain parties, and (c) exculpation of certain parties.

M.      <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>.    The Plan does not contemplate the cure of any defaults.  Thus, section 1123(d) of the Bankruptcy Code is not applicable.

N.    <u>The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.    The

Debtors have complied with the applicable provisions of the Bankruptcy Code.    Specifically:

(a)    Each of the Debtors is an eligible debtor under section 109 of the Bankruptcy Code;

(b)    The Debtors have complied with all provisions of the Bankruptcy Code and Bankruptcy Rules, except as otherwise provided or permitted by orders of this Court; and

(c)    The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in transmitting the Plan, the Disclosure Statement, the Ballots and related documents and notices and in soliciting and tabulating the votes on the Plan.

O.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.    The Debtors have proposed

the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3)

of the Bankruptcy Code.    The Debtors' good faith is evident from the facts and record of these

Chapter 11 Cases, the Disclosure Statement, the record made at the Confirmation Hearing and the

other proceedings in these Chapter 11 Cases.    The Plan was proposed with the legitimate and

honest purpose of maximizing the value of the Debtors' estates for the benefit of creditors.    The

Plan was negotiated among the case constituents in good faith and at arm's-length.    Further, the

Plan's classification, distribution, exculpation, release, and injunction provisions have been

negotiated in good faith and at arm's-length.    Such provisions are consistent with sections 105,

1122, 1123(b)(6), 1125, 1129, and 1142 of the Bankruptcy Code, are each necessary for the success

of the Plan, and were not included in the Plan for any improper purpose.

P.    <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.    Any

payment to be made by the Debtors, or by a person issuing securities or acquiring property under

the Plan, for services or for costs and expenses in connection with the Chapter 11 Cases, or in

4855-9994-5439

connection with the Plan and incident to the Chapter 11 Cases, is subject to the approval of the

Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

Q.     <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>.   The Debtors have

complied with section 1129(a)(5) of the Bankruptcy Code.  The Debtors have disclosed the identity

and nature of compensation of the Creditor Trustee, whose appointment is consistent with the

interests of holders of Claims and with public policy.

R.     <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  Section 1129(a)(6) of the Bankruptcy

Code is not applicable to the Debtors.

S.     <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.   The Plan satisfies section

1129(a)(7) of the Bankruptcy Code.   The liquidation analysis attached as <u>Schedule 1</u> to the

Disclosure Statement and the other evidence related thereto in support of the Plan that was

proffered or adduced at, prior to, or in connection with, the Confirmation Hearing: (a) are

reasonable, persuasive, credible, and accurate as of the dates such analysis or evidence was

prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and

assumptions; (c) have not been controverted by other evidence; and (d) establish that holders of

Allowed Claims and Equity Interests in each Class will recover at least as much under the Plan on

account of such Claim or Equity Interest, as of the Effective Date, as such holder would receive if

the Debtors were liquidated, on the Effective Date, under chapter 7 of the Bankruptcy Code.

T.     <u>Acceptance by/Unimpairment of Certain Classes (11 U.S.C. § 1129(a)(8))</u>.

Classes 1 and 3 are unimpaired by the Plan and holders of Claims in such Classes are thus

conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy

Code.  Classes 5 and 6 are impaired by the Plan and are conclusively deemed to have rejected the

Plan.  Class 2 Claims are Disputed and therefore the holders of such Claims are not eligible to vote

4855-9994-5439

pursuant to section 1126(a) of the Bankruptcy Code. Class 4 Claims are impaired and the holders

of such Claims were entitled to vote on the Plan. As established by the Ballot Tabulation, Class 4

is impaired by the Plan and the holders of Claims in Class 4 voted to accept the Plan in accordance

with section 1126(d) of the Bankruptcy Code. Therefore, Section 1129(a)(8) of the Bankruptcy

Code has been satisfied with respect to Classes 1, 3, and 4. As discussed below, the Plan satisfies

the "cram down" requirements of section 1129(b) of the Bankruptcy Code, and the Plan may be

confirmed notwithstanding the deemed rejection by Classes 5 and 6.

U.    <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C.</u>
<u>§ 1129(a)(9))</u>. The treatment of Administrative Expense Claims and Priority Tax Claims pursuant

to Article II of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

V.    <u>Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>.
As described above, in the Shapiro Declaration and in the Ballot Tabulation, Class 4 was impaired

and the holders of Claims in Class 4 voted to accept the Plan in the requisite number and amount.

Section 1129(a)(10) is, therefore, satisfied.

W.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Debtors are liquidating pursuant to the
Plan in a manner that complies with the priority scheme and other provisions of the Bankruptcy

Code and other applicable law. As a result, the requirements of section 1129(a)(11) of the

Bankruptcy Code have been satisfied.

X.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. All fees due and payable pursuant to
section 1930 of chapter 123 of title 28, United States Code, as determined by the Court, have been

or will be paid by the Debtors on the Effective Date pursuant to Article II of the Plan, thereby

satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

Y.      Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtors do not

pay any "retiree benefits," as defined in section 1114 of the Bankruptcy Code and section

1129(a)(13) of the Bankruptcy Code is thus inapplicable in these Chapter 11 Cases.

Z.      No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtors are not

required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in these Chapter 11

Cases.

AA.     Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15)).  The Debtors are not

individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in these

Chapter 11 Cases.

BB.     No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C.

§ 1129(a)(16)).  The Debtors are not non-profit corporations or trusts.  Accordingly, section

1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

CC.     Confirmation Over Nonacceptance of Impaired Classes (11 U.S.C. § 1129(b)).

Notwithstanding the fact that Classes 2, 5, and 6 have not accepted the Plan, the Plan may be

confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code because (a) Class 4, a Class

comprised of creditors whose Claims are Impaired, voted to accept the Plan; (b) the Plan does not

discriminate unfairly and is fair and equitable with respect to the Claims and Equity Interests in

the Classes 2, 4, 5, and 6; (c) the Plan has been proposed in good faith and is reasonable; (d) with

respect to Class 3, the Plan meets the requirements that (i) the holder of any Other Secured Claim

receive their Collateral subject to applicable Liens on the Effective Date; and (ii) to the extent the

value of the Collateral is insufficient to satisfy the Other Secured Claim, the holder of such Other

Secured Claim will receive a Class 4 General Unsecured Claim for the remaining portion of its

4855-9994-5439

Other Secured Claim; and (e) with respect to Classes 4, 5, and 6, the Plan meets the requirements

that (i) no holder of any Claim or Equity Interest that is junior to each such Classes will receive or

retain any property under the Plan on account of such junior Claim or Equity Interest and (ii) no

holder of a Claim or Equity Interest in a Class senior to such Classes is receiving more than 100%

on account of its Claim.  As a result, the Plan satisfies the requirements of section 1129(b) of the

Bankruptcy Code.

DD.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.    The Plan is the only plan subject to

confirmation.  Section 1129(c) of the Bankruptcy Code has been satisfied.

EE.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the

Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities

Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

FF.    <u>Not Small Business Cases (11 U.S.C. § 1129(e))</u>.  These Chapter 11 Cases are not

small business cases and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in

these Chapter 11 Cases.

<u>**COMPLIANCE WITH SECTION 1125 OF THE BANKRUPTCY CODE**</u>

GG.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based on the record before the

Court in these Chapter 11 Cases, the Debtors, the Committee, each of their respective Professional

Persons, Mark Shapiro in his capacity as the Authorized Signatory and Responsible Person (*see*

Docket No. 606), and each other Exculpated Party have acted in "good faith" within the meaning

of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of

the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with all of their

respective activities arising out of, relating to, or connected with the administration of the Chapter

11 Cases, the negotiation and pursuit of approval of the Disclosure Statement, the preparation and

solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the funding of the

Plan, the consummation of the Plan, the administration of the Plan and the property to be

distributed under the Plan, and are entitled to the protections afforded by section 1125(e) of the

Bankruptcy Code.  Each such party has, and upon completion of the Plan shall be deemed to have,

participated in good faith and in compliance with the applicable laws with regard to the solicitation

of votes and distribution of consideration pursuant to the Plan and, therefore, is not, and on account

of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or

regulation governing the solicitation of acceptances or rejections of the Plan or such distributions

made pursuant to the Plan.

## COMPLIANCE WITH SECTION 1126 OF THE BANKRUPTCY CODE

HH.     Acceptance of Plan (11 U.S.C. § 1126).  As set forth in the Shapiro Declaration and

in the Ballot Tabulation, Class 4 has voted to accept the Plan, in accordance with the requirements

of section 1126 of the Bankruptcy Code.

## PLAN IMPLEMENTATION

II.     The terms of the Plan are incorporated by reference and are, except as addressed

herein or in any future order of the Court contemplated by this Confirmation Order, proper in all

respects, and constitute an integral part of this Confirmation Order.

JJ.     The Plan and this Confirmation Order have been negotiated in good faith and at

arm's-length and, subject to the occurrence of the Effective Date, shall bind any holder of a Claim

or Equity Interest and such holder's respective successors and assigns, whether or not the Claim

or Equity Interest is Impaired under the Plan, whether or not such holder has accepted the Plan,

and whether or not such holder is entitled to a distribution under the Plan.  The Plan and this

Confirmation Order constitute legal, valid, binding, and authorized obligations of the respective

parties thereto and shall be enforceable in accordance with their terms. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan and this Confirmation Order shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

KK.   All documents and agreements necessary to implement the transactions contemplated by the Plan, including those contained or summarized in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith and at arm's-length, are in the best interests of the Debtors, and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law. The documents and agreements are essential elements of the Plan and entry into and consummation of the transactions contemplated by each such document or agreement is in the best interests of the Debtors, the estates, and the holders of Claims. The Debtors have exercised reasonable business judgment in determining which documents and agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The Debtors are authorized to take any action reasonably necessary or appropriate to consummate such agreements and the transactions contemplated thereby.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

LL.   The Debtors have exercised sound business judgment in rejecting each of their remaining executory contracts and unexpired leases pursuant to Article IX.A. of the Plan.

## EXCULPATIONS, INJUNCTIONS, RELEASES AND GATEKEEPER

MM.   The Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b) to approve the exculpation, injunctions, stays, releases and gatekeeping provisions set forth in Article XI of the Plan, as modified herein. Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and approval of the releases and injunctions set forth in Article XI of the Plan (as

modified herein) if, as has been established here based upon the record in the Chapter 11 Cases and the evidence presented at the Confirmation Hearing, such provisions (i) were integral to the settlement, and are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' estates, (iii) are fair, equitable, and reasonable, and (iv) are in the best interests of the Debtors, their estates, and parties in interest.[6]  Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpation, injunctions, and gatekeeping provisions set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors and their estates, creditors, and equity holders.

NN.    The releases set forth in Article XI of the Plan are fair to holders of Claims and are necessary to the proposed reorganization.  Such releases are given in exchange for and are supported by fair, sufficient, and adequate consideration provided by each and all of the parties receiving such releases.  The record of the Confirmation Hearing and these Chapter 11 Cases is sufficient to support the releases, exculpation, injunctions, and gatekeeping provisions provided for Article XI of the Plan, which are appropriately tailored to protect the Exculpated Parties from unnecessary litigation and contain appropriate carve outs for gross negligence, actual fraud, and willful misconduct.

OO.    The injunction provisions set forth in Article XI of the Plan are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the discharge and the release provisions of the Plan, including the release, exculpation, and gatekeeping provisions of the Plan. Such injunction provisions are appropriately tailored to achieve those purposes.

---

[6] The releases in Article XI.C. of the Plan are releases by the Debtors of various third parties.  They are not "third party releases", in that no third parties are providing releases to other third parties.  Similarly, the injunction in Article XI.D. of the Plan merely implements the exculpations in Article XI.B. of the Plan and otherwise enforces the Plan as whole.

4855-9994-5439

PP.    Accordingly, based upon the record of these Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the injunctions, exculpation, and releases set forth in Article XI of the Plan are consistent with the Bankruptcy Code and applicable law.

## OTHER FINDINGS

QQ.    <u>Conditions Precedent to Confirmation</u>.  The conditions precedent to confirmation set forth in Article X.A. of the Plan have been satisfied.

RR.    <u>Retention of Jurisdiction</u>.  This Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

SS.    <u>Objections</u>.  All parties have had a full and fair opportunity to file objections to confirmation of the Plan and to litigate any such objections.

## THE PLAN SATISFIES CONFIRMATION REQUIREMENTS

TT.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and shall be confirmed.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    <u>Disclosure Statement Approved on a Final Basis</u>.  The Disclosure Statement is hereby approved, on a final basis, as having adequate information pursuant to section 1125(a) of the Bankruptcy Code.

2.    <u>Confirmation</u>.  The Plan, as modified hereby, shall be, and hereby is, confirmed pursuant to section 1129 of the Bankruptcy Code.

3.    <u>Solicitation and Notice</u>.  Notice of the Confirmation Hearing and the solicitation of votes on the Plan: (a) complied with the terms of the Solicitation Order; (b) were appropriate and

satisfactory based upon the circumstances of the Debtors' Chapter 11 Cases; and (c) were in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

4.    <u>Approval of Plan Modifications</u>.  In accordance with Bankruptcy Rule 3019, the Plan Modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes on the Plan under section 1126 of the Bankruptcy Code, and they do not require that Holders of Claims be afforded an opportunity to change previously cast votes accepting or rejecting the Plan.  Accordingly, the Plan is properly before this Court and all votes cast with respect to the Plan prior to such modification shall be binding and shall apply with respect to the Plan, as modified.

5.    <u>Objections</u>.  All objections to the Plan not otherwise withdrawn at or prior to the Confirmation Hearing are overruled for the reasons articulated by the Court on the record at the Confirmation Hearing.

6.    <u>Binding Effect</u>.  Pursuant to section 1141(a), and except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind any holder of a Claim against or Equity Interest in the Debtors and such holder's respective successors and assigns, whether or not such Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

7.    <u>Implementation</u>.  The Debtors, the Creditor Trust, and the Creditor Trustee are authorized to take all actions necessary, appropriate, or desirable to enter into, implement, and consummate the contracts, instruments, releases, agreements, or other documents created or executed in connection with the Plan. Without further order or authorization of this Court, the Debtors, the Creditor Trust, and the Creditor Trustee, and their successors are authorized and

4855-9994-5439

empowered to make non-material modifications to the Plan documents, or otherwise modify the same as necessary to conform to the terms of the Plan and this Confirmation Order.  Execution versions of the Plan and all related documents, where applicable, shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.  The Creditor Trustee shall have the authority to act on behalf of the Debtors to the extent necessary, appropriate or desirable to effectuate the provisions of the Plan and this Confirmation Order.

8.      <u>Plan Classification Controlling</u>.  The classification of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classifications set forth on the Ballots submitted in connection with voting on the Plan: (a) were solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Equity Interests under the Plan for distribution purposes; and (c) shall not be binding on the Debtors for any purpose other than voting on the Plan.

9.      <u>Distribution Under the Plan</u>.  All distributions under the Plan shall be made in accordance with Article VII of the Plan.

10.     <u>Transfer of Retained Causes of Action</u>. On the Effective Date, the Debtors shall be deemed to have transferred and assigned the Retained Causes of Action to the Creditor Trust pursuant to the Creditor Trust Agreement.  The transfer and assignment of the Retained Causes of Action to the Creditor Trust shall be free and clear of all liens, claims and encumbrances except as otherwise specifically provided in the Plan.  Upon delivery of the assignment, the Creditor Trust shall be deemed the owner of the Retained Causes of Action with full power and authority to prosecute the Retained Causes of Action.

4855-9994-5439

11.    <u>Vesting of Assets (11 U.S.C. § 1141(b), (c))</u>.  As set forth in Article XI.A. of the

Plan, as of the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, the

Creditor Trust Assets shall vest in the Creditor Trust, free and clear of all Claims, Liens,

encumbrances, charges, and other interests, except as otherwise provided in this Plan. For the

avoidance of doubt, the sum of the Debtors' and Estates' total Cash at the Effective Date less Net

Sale Proceeds shall be deemed remaining proceeds of the DIP Facility, and not Sale proceeds, and

shall vest in the Creditor Trust free and clear of all Claims, Liens, encumbrances, charges, and

other interests.

12.    <u>Dissolution of the Debtors</u>.  Upon the Effective Date pursuant to the Plan, the

Debtors shall be deemed dissolved for all purposes, without the necessity for any further actions

to be taken by or on behalf of the Debtors or payments to be made in connection therewith;

*provided, however,* that the Creditor Trustee shall file with the appropriate state authority(ies) a

certificate of dissolution, if necessary.

13.    <u>Creditor Trust and Creditor Trustee</u>.  On the Effective Date, the Creditor Trust shall

be established and shall be authorized to implement and adopt any other agreements, documents,

and instruments and to take any other actions contemplated under the Plan or Creditor Trust

Agreement as necessary or desirable to consummate the Plan or to carry out the Creditor Trust

functions.  On and after the Effective Date, the Creditor Trustee shall carry out the Creditor Trust

functions on behalf of the Creditor Trust as required by the Creditor Trust Agreement.   The

Creditor Trust shall be administered and controlled by the Creditor Trustee as set forth in the Plan

and the Creditor Trust Agreement.

14.    <u>Post-Confirmation Governance</u>.   On and after the Effective Date, the Creditor

Trustee, or its successor after the effective date of such Person's appointment as the Creditor

4855-9994-5439

Trustee consistent with the terms of the Creditor Trust Agreement, shall serve in such capacity

through the date the Creditor Trust is dissolved in accordance with the Plan or the Creditor Trust

Agreement.  The Creditor Trustee shall be deemed the representative of the Estates in accordance

with section 1123 of the Bankruptcy Code and shall have all powers, authority, and responsibilities

specified in the Plan and Creditor Trust Agreement, including, without limitation, the powers of a

trustee under sections 704 and 1106 of the Bankruptcy Code and Bankruptcy Rule 2004, to act on

behalf of the Creditor Trust.

15.    Notice of Entry of Confirmation Order and Occurrence of Effective Date.  Within

five (5) Business Days after the Effective Date, the Debtors shall file with the Bankruptcy Court

and serve on all parties in interest in these Chapter 11 Cases notice of: (i) entry of this Confirmation

Order and occurrence of the Effective Date; and (ii) the last date to file requests for payment of

Administrative Claims pursuant to Article II.B. of the Plan and Professional Fee Claims pursuant

to Article II.C. of the Plan.

16.    Administrative Claims.    Except as otherwise provided in the Plan or this

Confirmation Order, requests for payment of Administrative Claims must be filed no later than the

Administrative Claims Bar Date.  Holders of Administrative Claims that are required to file and

serve a request for such payment of such Administrative Claims that do not file and serve such a

request on or before the Administrative Claim Bar Date shall be forever barred, estopped, and

enjoined from asserting such Administrative Claims against the Debtors, and such Administrative

Claims shall be deemed compromised, settled, and released as of the Effective Date.

17.    Professional Fee Claims.  Unless otherwise excused by an order of the Bankruptcy

Court, every Professional Person holding a Professional Fee Claim that has not previously been

the subject of a final fee application and accompanying Court order shall file a final application

4855-9994-5439

for payment of fees and reimbursement of expenses no later than the Administrative Claims Bar

Date.  Any such final fee application shall conform to and comply with all applicable rules and

regulations contained in the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The

last date to object to any final fee application shall be the twenty-fourth (24th) day after such fee

application has been filed with the Bankruptcy Court.  All final fee applications shall be set for

hearing on the same day, as the Court's calendar permits, after consultation with counsel to the

Debtors and the Committee.  Allowed Professional Fee Claims shall be paid in accordance with

and pursuant to Article II.C. of the Plan.

18.    Rejection of Executory Contracts and Unexpired Leases.  Pursuant to Article IX.A.

of the Plan, except as otherwise provided in the Plan or in any contract, instrument, release,

indenture or other agreement or document entered into in connection with the Plan, each Debtor

is hereby deemed to have rejected each executory contract and unexpired lease to which it is a

party, unless such contract or lease (i) was previously assumed, assumed and assigned, or rejected

by the Debtors, (ii) previously expired or terminated pursuant to its own terms, or (iii) is the subject

of a motion to assume, assume and assign, or reject filed by the Debtors on or before the

Confirmation Date.  This Confirmation Order shall constitute approval, pursuant to sections 365(a)

and 1123(b) of the Bankruptcy Code, of the rejection of executory contracts and unexpired leases

as described above upon the occurrence of the Effective Date.  Such rejection shall be legal, valid,

and binding upon the applicable Debtor and all non-Debtor counterparties to such contracts or

leases and satisfies the requirements of section 365 of the Bankruptcy Code including, without

limitation, section 365(d)(4).

19.    General Authorization.  Upon the Effective Date, all action contemplated under the

Plan shall be deemed authorized and approved in all respects.  All matters provided for in the Plan

4855-9994-5439

involving the structure of the Debtors, and any action required by or in connection with the Plan, shall be deemed to have occurred and shall be in effect, without any requirement of further action by any person or entity.

20.     <u>Effectuating Documents; Further Transactions</u>. On and after the Effective Date, the Creditor Trustee is authorized to and may issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan in the name of and on behalf of the Debtors and Creditor Trust, as applicable, without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan and the Creditor Trust Agreement.

21.     <u>Payment of Statutory Fees</u>.  All fees payable under 28 U.S.C. § 1930 shall be paid on the Effective Date and thereafter, as appropriate.

(a)     Article II, Section D of the Plan is hereby modified as follows:

All U.S. Trustee Fees due for the pre-Effective Date period shall be paid on or before the Effective Date. All U.S. Trustee Fees that arise after the Effective Date but before the closing of the Chapter 11 Cases shall be paid by the Creditor Trust.  U.S. Trustee Fees will not be assessed against the initial transfer or transfers from the Debtors that fund the Creditor Trust. U.S. Trustee Fees will be assessed upon any disbursement of Creditor Trust Assets, until the case is closed, dismissed or converted.

22.     <u>Texas Comptroller.</u> Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, the Texas Comptroller of Public Accounts (the "<u>Texas Comptroller</u>") reserves the following rights: (1) any statutory or common law setoff rights in accordance with 11 U.S.C. § 553; (2) any rights to pursue any non-debtor third parties for tax debts or claims pursuant to applicable law; (3) the right to pursue payment of interest on the Texas Comptroller's allowed administrative expense tax claims, if any, in accordance with applicable law; (4) to the extent that

4855-9994-5439

interest is payable with respect to any allowed administrative expense, priority, or secured tax claim of the Texas Comptroller, payment of the statutory rate of interest pursuant to Texas Tax Code § 111.060; and (5) the Texas Comptroller is not required to file a motion or application for payment of administrative expense claims pursuant to 11 U.S.C. § 503(b)(1)(D). Should the Debtors or the Creditor Trustee fail to make any payments as required in this Plan or this Confirmation Order, or remain current on post-petition and/or post-confirmation ordinary course tax reporting and payment obligations, the Texas Comptroller shall provide written notice of that default to the Creditor Trustee advising of that default and providing the Creditor Trustee with a period of fifteen (15) days to cure the default. In the event the default is not cured within fifteen (15) days, the Texas Comptroller may, without further order of this Court or notice to the Creditor Trustee, pursue all rights and remedies available under applicable Texas law to collect the full amount of all taxes, penalties, and interest owed.

23.    <u>Governmental Approvals Not Required.</u>  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

24.    <u>Filing and Recording.</u>  This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Equity Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities

4855-9994-5439

who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.  Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law, including, but not limited to, the transfer of any assets of the Debtors' Estates to the Creditor Trust.

25.    <u>Exemption from Transfer Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.  All sale transactions consummated by the Debtors and approved by the Court on and after the Petition Date through and including the Effective Date, including the transfers effectuated under the Plan, the sale by the Debtors of owned property pursuant to section 363(b) of the Bankruptcy Code, and the assumption, assignment, and sale by the Debtors of unexpired leases of non-residential real property pursuant to section 365(a) of the Bankruptcy Code, shall be deemed to have been made under, in furtherance of, or in connection with the Plan and, thus, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

4855-9994-5439

26.    <u>Exculpation, Releases, and Injunctions</u>.  The exculpations, releases, injunction and stay, and gate keeping provisions contained in Article XI of the Plan are hereby approved.

27.    <u>Conditions to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in Article X.B of the Plan have been satisfied or waived pursuant Article X.C. of the Plan.

28.    <u>Retention of Jurisdiction</u>.  Upon the Effective Date, the Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

29.    <u>Appeal of the Confirmation Order</u>.  Except as otherwise provided herein, if any provision of this Confirmation Order is hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors or Disbursing Agent prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any reversal, stay, modification, or vacatur of this Confirmation Order, any act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto, and shall remain binding.

30.    <u>Conflicts Between Confirmation Order and Plan</u>.  The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by this reference.  The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to affect the purposes of each;

*provided, however*, that in the event of any inconsistency among the Plan, the Disclosure Statement, any exhibit or schedule to the Disclosure Statement, the provisions of the Plan shall govern.  In the event of any inconsistency between the Plan and this Confirmation Order, the Confirmation Order shall govern.  The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of the Court.

31.    <u>Authorization to Consummate Plan/No Stay</u>.  Notwithstanding Bankruptcy Rule 3020(e), and to the extent applicable, Bankruptcy Rules 6004(h) and 7062, but subject to Article X of the Plan, the Debtors are authorized to consummate the Plan upon entry of this Confirmation Order, and the Confirmation Order shall take effect on the date hereof.

# # # END OF ORDER # # #

Submitted by:

Jason S. Brookner (TX Bar No. 24033684)
Amber M. Carson (TX Bar No. 24075610)
Emily F. Shanks (TX Bar No. 24110350)
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:      jbrookner@grayreed.com
            acarson@grayreed.com
            eshanks@grayreed.com

*Counsel to the Debtors*
*and Debtors in Possession*

4855-9994-5439